THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIONEER STATE MUTUAL INSURANCE
COMPANY, AS SUBROGEE OF DANIEL BANDLOW,

        Plaintiff,                      Case No. 06-14156

vs.

                                              HONORABLE PAUL D. BORMAN
                                              HONORABLE STEVEN D. PEPE

ELECTROLUX CORPORATION,
a Foreign Corporation,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (DKT. #16)**

On September 26, 2007, Defendant Electrolux Home Products, Inc., (erroneously identified as Electrolux Corporation) filed its Motion to Compel Supplementation of Fed. R. Civ. P. 26(a)(1) Initial Disclosures and to Amend Interrogatory Answers (Dkt. #16). Defendant's motion was referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) (Dkt. #17). A hearing was held on October 17, 2007, in which all unresolved issues were heard. For reasons stated on the record and indicated below, **IT IS ORDERED** that Defendant's Motion to Compel is **GRANTED**.

This is a products liability action in which Plaintiff claims that Defendant manufactured a defective clothes dryer, resulting in property damage to Plaintiff's subrogor. In particular, Plaintiff claims that the subject dryer unit was defective because "the blower assembly has a rear-bearing configuration which places the bearing at risk of failure to the extent that the plastic

1

bearing surface is worn away allowing for metal to metal contact between the shaft of the ball to come into contact with the steel bearings of the holder bracket, thus severing the shaft and allowing the heating of surrounding combustibles, including items in the dryer process" (Complaint at ¶ 7). Plaintiff's claims against Defendant are supported by the theory of friction-based ignition advanced by its purported expert, Jack Sanderson.

In the course of this litigation, Plaintiff provided Defendant with a copy of a report authored by Mr. Sanderson relating to his theory of causation. Defendant noticed the deposition of Mr. Sanderson to occur on August 14, 2007 (Dkt. #16, Ex. A). Yet, subsequent to the production of Mr. Sanderson's report, Plaintiff advised Defendant that Mr. Sanderson's theory of causation was evolving and that he was in the process of preparing yet another report in which additional theories or explanations of causation are supposedly set forth. Accordingly, the August 14th deposition was cancelled so that time and resources would not be wasted by having to re-depose Mr. Sanderson once his revised report was prepared. Defendant re-noticed Mr. Sanderson's deposition to occur on September 10, 2007 (Dkt. #16, Ex. B). Mr. Sanderson's revised report, however, had not yet been completed, and that deposition was also cancelled.

Defendant then re-noticed Mr. Sanderson's deposition for the third time, scheduled to occur on September 20, 2007 (Dkt. #16, Ex. C). On September 12, 2007, Plaintiff's counsel corresponded with Defendant's counsel, advising that Mr. Sanderson's revised report had not yet been completed. Plaintiff's counsel indicated that "[w]hen I last spoke with him, he believed that he would not have the report done prior to September 20, 2007. I do not have a definitive date at this time, but am as eager to be educated on this product as you, and thus will press Mr. Sanderson to complete the report with all due diligence" (Dkt. #16, Ex. D). As a result of being

advised that Mr. Sanderson's revised report would not be completed by the September 20, 2007, deposition, Defendant again cancelled Mr. Sanderson's deposition. At the time of the hearing, no further deposition notices had been served for taking Mr. Sanderson's deposition because there is no known date by which Mr. Sanderson's revised report will be completed.

Under Fed. R. Civ. P. 26(a)(1)(B), Plaintiff has an obligation to produce to Defendant a copy of all documents that Plaintiff may use to support its claims. Moreover, Plaintiff is under a duty to supplement its initial disclosures when it "learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). In its Rule 26 initial disclosures, the Plaintiff indicated that its experts "will testify consistent with their expert reports . . ." and identified "Jack Sanderson / Fire Findings Reports regarding Electrolux Dryer fire for this loss" as an exhibit to its disclosures. Yet, Plaintiff has failed to provide Defendant with a copy of the revised report that Mr. Sanderson will be relying upon in support of his opinion regarding the cause of the fire in which the subject dryer was involved.

In addition to the information Plaintiff is obligated to provide to Defendant in its Rule 26 initial disclosures, Defendant sought various information from Plaintiff in the form of interrogatories. Specifically, in its First Set of Interrogatories, Defendant asked Plaintiff:

> 19. Please identify with specificity what you contend constitutes negligence in the manufacture of the subject product (Dkt. #16, Ex. E, ¶ 19).
>
> 20. Please state with specificity the basis for your contention that Defendant was aware of the alleged rear-bearing failure on its electric dryers on or before the date of loss complained of in Plaintiff's Complaint (Dkt. #16, Ex. E, ¶ 20).

In response to both interrogatories, Plaintiff answered "Please see Complaint and Expert Report

of Fire Findings" (Dkt. #16, Ex. E., ¶¶ 19, 20).

In light of Plaintiff's disclosure that Mr. Sanderson's theory of causation continues to evolve, Plaintiff is under a duty to amend its answers to Defendant's interrogatories pursuant to Fed. R. Civ .P 26(e)(2), which provides in relevant part that "[a] party is under a duty seasonably to amend a prior response to an interrogatory, . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The original report to which the above interrogatory answers refer is clearly not complete or correct, considering the representation by the Plaintiff's counsel that Mr. Sanderson has revised his theory of causation regarding the alleged defect in the subject dryer unit.

In this case the closing date for all discovery is October 19, 2007, and the deadline for filing dispositive motions is November 19, 2007. Thus, Plaintiff's counsel must bring closure on his theories and facts of liability.

Accordingly, it is **ORDERED** that on or before October 31, 2007, Plaintiff shall provide Defendant with Mr. Sanderson's revised expert report. It is **FURTHER ORDERED** that on or before October 31, 2007, Plaintiff shall supplement its answer to Defendant's First Set of Interrogatories #20 by providing with specificity the basis for its contention that Defendant was aware of the alleged rear-bearing failure on its electric dryers on or before the date of loss complained of in Plaintiff's Complaint. The discovery cutoff presently scheduled for October 19, 2007, is extended to accommodate the discovery covered by this order. It is **FURTHER ORDERED** that Defendant's deposition of Mr. Sanderson shall be scheduled to occur no later than November 15, 2007, but preferably during the week of November 5, 2007, in the Eastern District

of Michigan.

The failure to supplement Rule 26 initial disclosures and to amend interrogatory answers and provide the expert's modified report may result in Plaintiff being prohibited from using "as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Moreover, "[i]n addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." *Id.*

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Date: October 17, 2007　　　　　　　　　　　　　　s/Steven D. Pepe
Flint, MI　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 17, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: James F. Hunt, Ralph M. Reisinger., and I hereby certify that I have mailed United States Postal Service the paper to the non-ECF participants:not applicable.

                                              s/ James P. Peltier
                                              James P. Peltier
                                              Courtroom Deputy Clerk
                                              U.S. District Court
                                              600 Church St.
                                              Flint, MI 48502
                                              810-341-7850
                                              pete_peliter@mied.uscourts.gov