**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PIONEER STATE MUTUAL INSURANCE
COMPANY,

        Plaintiff,

                                              CASE NO. 06-CV-14156

-vs-

                                              PAUL D. BORMAN

ELECTROLUX CORPORATION,              UNITED STATES DISTRICT JUDGE

        Defendant.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

The matter before Court is Plaintiff Pioneer State Mutual Insurance Company's September 25, 2007, Motion to Remand. (Doc. No. 12). On October 22, 2007, Defendant Electrolux Corporation filed its Response. In light of the briefing, the Court discerns no reason for oral argument. *See* E.D. Mich. L.R. 7.1(e)(2). For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

On August 25, 2006, the present action was filed in St. Clair County Circuit Court. (Removal Ex. A, State Court Complaint). On September 21, 2006, Defendant Electrolux Corporation ("Defendant") removed the action to this Court based on diversity jurisdiction.

Plaintiff states in its Complaint that it seeks a judgment in excess of $25,000.00. (Ex. A). Defendant set forth in its Notice of Removal that "upon information and belief, the damages claimed in the above captioned action by Pioneer Mutual Insurance Company are in the amount of $97,927.18, and thus exceed the jurisdictional minimum of $75,000.00 . . . ." (Removal ¶ 5). Plaintiff did not object to this statement, nor contest this Court's jurisdiction.

More than one year after removal, Plaintiff moves the Court to remand its action back to St.

Clair County Circuit Court based on lack of jurisdiction.

Removal of state court cases to federal court is governed by 28 U.S.C. § 1441(a). Section 1441(a) sets forth:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal district courts enjoy original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . . citizens of different states." 28 U.S.C. § 1332(a). A defendant who seeks to remove an action has the burden of showing that the requirements for diversity jurisdiction are met. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "This circuit has recognized a rule that the determination of federal jurisdiction in a diversity case is made as of the time of removal." *Id.*

In the present action, Plaintiff argues remand is necessary because it has recently become aware that its recoverable damages in the action are less than $75,000.00 based upon the cash value of the claim. Plaintiff supports its Motion with an affidavit from its "subrogation professional" attesting to that fact. (Plf. Br. Ex. A, Kish Aff. ¶¶ 1-3). Plaintiff avers that at the time of filing "Plaintiff was aware of the amounts paid, but not the amount recoverable under Michigan law." (Pl. Reply at 1). Plaintiff asserts that it brought this Motion after its attempts to secure a stipulation to remand based on the lack of subject matter jurisdiction failed.

The Court finds Plaintiff's arguments are without merit. The law of the Court of Appeals of the Sixth Circuit is well settled that jurisdiction attaches at the time of removal. *Rogers*, 230 F.3d at 871. In the case at bar, the action was removed more than a year ago. The fact that Plaintiff only

recently became aware of the restraints on its recovery does not deprive the Court of its jurisdiction. As the Sixth Circuit recently observed, "subsequent events, 'whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 293 (1938).

For these reasons, the Court **DENIES** Plaintiff's Motion to Remand. (Doc. No. 12).

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: February 4, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 4, 2008.

s/Denise Goodine
Case Manager